# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BROTHERS TRADING CO., INC., dba VICTORY WHOLESALE GROCERS, Plaintiff, | Case No. 1:14-cv-975 Beckwith, J. Litkovitz, M.J. |
| vs. | |
| GOODMAN FACTORS, Defendant. | **ORDER** |

This matter is before the Court following an informal telephone discovery conference held on October 13, 2015, concerning defendant's objections to plaintiff's Rule 30(b)(6) Notice of Deposition and plaintiff's response. (*See* Docs. 30, 31). Both parties have submitted position papers in support of their arguments. Defendant Goodman Factors ("Goodman") alleges that plaintiff Brothers Trading Company Co., Inc., dba Victory Wholesale Grocers ("VWG") is engaging in a "fishing expedition" through its Rule 30(b)(6) Notice of Deposition. Goodman argues that VWG is seeking discovery on topics that are overly broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence. Goodman alleges that the transactions at issue are governed by Article 9 of the Uniform Commercial Code ("UCC"), Ohio Rev Code § 1309.404: "Rights acquired by assignee; claims and defenses against assignee." These transactions involve purchase orders for grocery products issued from plaintiff to non-party Premier Trading, LLC ("Premier"), and corresponding invoices for the products which were subsequently sold and assigned to Goodman together with all of Premier's remaining accounts receivable pursuant to a Factoring and Security Agreement. Goodman asserts that § 1309.404(B) limits VWG, an account debtor, to asserting a claim against Goodman, an assignee of accounts receivable, "in recoupment" only to reduce amounts VWG may owe Goodman after paying specific purchase

orders and corresponding invoices.[1] Goodman contends that VWG does not have an affirmative right of recovery against Goodman under the UCC. Goodman argues that because VWG does not have an affirmative right of recovery against it under the UCC, the Rule 30(b)(6) Notice of Deposition will not lead to the discovery of relevant information or information that is reasonably calculated to lead to the discovery of admissible evidence. Goodman further alleges that the Rule 30(b)(6) Notice of Deposition is improper because it requires the corporate representative to appear at VWG's office. Goodman asserts it is well-established that the deposition of a corporation through its officer or agent must be taken in the district where the corporation has its principal place of business.

Plaintiff VWG disputes that the UCC applies to the transactions at issue in this case. VWG alleges that § 1309.404 does not address "advance payments" such as the payments involved here, pursuant to which VWG routinely advanced funds to Premier for payment of goods before receipt of the goods. In addition, VWG alleges that it is not an "account debtor" under Article 9 of the UCC with respect to the purchase orders at issue because no "right to payment" arose. *See* Ohio Rev. Code §§ 1309.102(A)(2)(a), (A)(3).[2] Rather, VWG alleges that two conditions precedent to its obligation to pay - "acceptance of conforming goods" and delivery of the goods within a specified time frame - never occurred and therefore no "account" was created such as would render § 1309.404 applicable. VWG alleges that the law applicable to this matter is the common law as set forth by the Ohio Supreme Court in *Firestone Tire & Rubber Co. v. Central Nat. Bank of Cleveland*,

---

1 Section 1309.404(B) provides: "Subject to division (C) of this section and except as provided in division (D) of this section, the claim of an account debtor against an assignor may be asserted against an assignee under division (A) of this section only to reduce the amount the account debtor owes." Ohio Rev. Code § 1309.404(B).

2 Section 1309.102(A)(2)(a) defines "Account," in relevant part, as a "right to payment of a monetary obligation, whether or not earned by performance, (i) for property that has been or is to be sold, leased, licensed, assigned, or otherwise disposed of . . . ." Ohio Rev. Code § 1309.102(A)(2)(a). Section 1309.102(A)(3) defines "Account debtor" as "a person who is obligated on an account, chattel paper, or general intangible." Ohio Rev. Code § 1309.102(A)(3).

112 N.E.2d 637 (Ohio 1953).

The parties' discovery dispute presents the question of what law applies to plaintiff VWG's claims: Ohio common law of unjust enrichment, conversion, and constructive trust as alleged by plaintiff VWG, or the UCC as asserted by defendant Goodman.   This question of law is not properly resolved at this time in connection with the parties' discovery dispute but is a decision that must be made on summary judgment based on a fully developed record.   Further, even assuming Goodman's position that the UCC applies is correct, plaintiff VWG is not foreclosed from conducting additional discovery.   Both the language of the UCC and the case law suggest there are exceptions to the general rule that an account debtor does not have an affirmative right of action against an assignee.   First, the official comments to § 1309.404 provide that "subsection (b) *generally* does not afford the account debtor the right to an affirmative recovery from an assignee." Ohio Rev. Code § 1309.404 Official Comment 3 (emphasis added).   The use of the term "generally" suggests there will be circumstances when the general rule will not apply and an account debtor will have an affirmative right of action against an assignee.

In addition, while defendant states that state and federal courts "have uniformly construed [§1309.404] and its predecessor, UCC 9-318, so as to prohibit an affirmative right of action by an account debtor against an assignee," some courts have recognized exceptions consistent with the decision in *Firestone*.   In fact, in *Michelin Tires (Canada) Ltd.*, a case cited by defendant to show courts have uniformly found an affirmative right of action to be precluded, the Court of Appeals acknowledged there are cases that have "allowed affirmative claims, at least in limited circumstances," in reliance on the pre-UCC *Firestone* decision.   *Michelin Tires (Canada) Ltd. v. First Nat. Bank of Boston*, 666 F.2d 673, 678 (1st Cir. 1981) (citing *Benton State Bank v. Warren*, 562 S.W.2d 74 (Ark. 1978); *Farmers Acceptance Corp. v. DeLozier*, 496 P.2d 1016 (Colo. 1972); *K*

*Mart Corp. v. First Penn. Bank*, 29 UCC Rep. Serv. 701 (Phil. Cnty. Ct. of Common Pleas, Pa. 1980)). The Court of Appeals distinguished the circumstances of these cases from those of the case before it, noting that with the possible exception of *DeLozier*, the assignee actively participated in the transactions to a degree not approached there. *Id*. at 679. The holdings of the cases distinguished by *Michelin Tires (Canada) Ltd.* suggest that even if the UCC does apply to VWG's claims, there may be circumstances that warrant an exception to the general rule prohibiting an affirmative right of action against Goodman as an assignee.

Read together, the official comments to § 1309.404 and the cases that have continued to allow affirmative claims by an account debtor against an assignee in reliance on *Firestone* present a question of law as to whether, even assuming the UCC applies to VWG's claims, VWG has an affirmative right of recovery against Goodman. VWG is entitled to an opportunity to explore the facts that might warrant an exception to the general rule precluding an affirmative right of recovery by an account debtor against an assignee, particularly in light of its representation that it has uncovered information in earlier depositions indicating that Goodman knew of problems with the accounts receivable in issue. For these reasons, defendant Goodman's objections to plaintiff's Rule 30(b)(6) Notice of Deposition are **DENIED**.

To the extent defendant objects to the location of the deposition of its Rule 30(b)(6) witness in Cincinnati, defendant's objection is well-taken. The general rule is that the "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. This customary treatment is subject to modification, however, when justice requires." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil § 2112 (3d ed. 2012) (citations omitted). *See Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 483 (10th Cir. 1995). *See also Cassidy v. Teaching Co., LLC*, No. 2:13-cv-884, 2014 WL 4377843, at *1 (S.D.

Ohio Sept. 4, 2014) ("Where, as here, an organization is being deposed pursuant to Rule 30(b)(6), the Court must also consider the presumption that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.") (internal quotation marks and citations omitted).   Plaintiff has not responded to defendant's objection in this regard and has not identified any cost, convenience, or litigation efficiency factors militating against the application of the general rule in this case.  *See MEMC Elec. Materials v. Balakrishnan*, No. 2:12-cv-344, 2012 WL 1606053, at *3 (S.D. Ohio May 8, 2012) (citation omitted) (courts consider relevant factors of cost, convenience, and litigation efficiency in determining deposition location other than principal place of business of Rule 30(b)(6) witness).   Therefore, the Court grants defendant a protective order and **ORDERS** that any deposition of its Rule 30(b)(6) witness take place at its principal place of business.

The Calendar Order is modified as follows: The discovery deadline is extended to **November 16, 2015**.   The dispositive motion deadline is extended to **December 16, 2015**.

**IT IS SO ORDERED.**

Date: 10/14/2015                                                                    s/Karen L. Litkovitz
                                                                                                 Karen L. Litkovitz
                                                                                                 United States Magistrate Judge