UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BROTHERS TRADING CO., INC.,           Case No. 1:14-cv-975
dba VICTORY WHOLESALE GROCERS,   Beckwith, J.
       Plaintiff,                                   Litkovitz, M.J.

      vs.

GOODMAN FACTORS, et al.,                 **ORDER**
       Defendants.

       This matter is before the Court following an informal status/discovery conference held on January 27, 2016, concerning defendant's objections to plaintiff's amended Rule 30(b)(6) Notice of Deposition and plaintiff's response. (*See* Docs. 47, 52). Pursuant to the record established at the conference, the Court issues the following rulings on the outstanding objections and discovery issues:

       1. Plaintiff Victory Wholesale Grocers (VWG) shall submit to the Court "Attachment A" referenced in the parties' proposed Agreed Protective Order. Plaintiff and defendant Goodman Factors (Goodman Factors) shall submit a modified proposed Agreed Order Pursuant to Rule 502(d) specifying that a party who wishes to file a motion under seal must first seek and obtain leave of Court.

       2. Defendant Goodman Factor's general objections to plaintiff's amended Rule 30(b)(6) Notice are **OVERRULED**. The first objection is a broad restatement of the law that does not further the resolution of defendant's specific objections. The second objection relates to defendant's theory that the Uniform Commercial Code applies to this case, which is an issue of law that has not yet been resolved by the Court.

       3. Defendant's objections to information designated in paragraphs 1, 2, 3, 4, 5 and 6 of the Rule 30(b)(6) Notice concerning emails and documents that have already been produced are **WITHDRAWN**.

4. Defendant's objections to information designated in paragraphs 7, 8, 10, 13, 15, 16, 17, 18, 19, 21 and 22 of the Notice are **WITHDRAWN** insofar as defendant objects on the ground the designated Rule 30(b)(6) deponent Keith Reid has previously been deposed in this matter in his individual capacity. Defendant does not withdraw its objections made on other grounds to information designated in these specific paragraphs.

5. Defendant's objections based on the confidential and proprietary nature of the information designated in paragraphs 7, 10, 15, 16, 17, 18 and 19 are **WITHDRAWN**.

6. The Court reserves ruling on defendant's objections to information designated in paragraphs 2, 3, 4, 5, 6, 11, 12, 14, 20, 22, 23, 24, 25, 26, 27 and 28 that relates to (1) transactions involving Premier Trading/Alliance Wholesale (Premier) and its customers who are not involved in this lawsuit, and (2) Goodman Factor's policies and procedures as they apply to customers of Premier who are not involved in the lawsuit. The Court finds the information is relevant for the reasons stated on the record at the conference. However, the Court cannot properly determine whether the information sought is proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1) until defendant has had an opportunity to submit information on the quantity of information involved and the cost of compiling and producing the information.

Accordingly, the discovery/status conference is continued to **Monday, February 8, 2016** at **11:00 a.m.** Defendant Goodman Factors shall submit information pertinent to the Rule 26(b)(1) proportionality analysis to plaintiff VWG and the Court prior to the conference.

**IT IS SO ORDERED.**

Date: 1/28/16

Karen L. Litkovitz
United States Magistrate Judge