UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BROTHERS TRADING CO., INC., doing business as VICTORY WHOLESALE GROCERS,<br><br>*Plaintiff,*<br><br>v.<br><br>**GOODMAN FACTORS, et al.**<br><br>*Defendants.* | Case No. 1:14-CV-975<br><br>Judge Sandra Beckwith<br><br>Magistrate Judge Karen L. Litkovitz |

**AGREED ORDER PURSUENT TO F.R.E. 502(d)**

During the course of this litigation, the parties may be required to disclose "Confidential Material." This Agreed Protective Order governs the production and treatment of such Confidential Material by the parties.

IT IS HEREBY AGREED AND ORDERED THAT:

1. This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture in this or any other

action of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. A Disclosing Party must promptly notify (the "Disclosure Notice") the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. In said Disclosure Notice, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged. Upon receipt of such Disclosure Notice, the Receiving Party must promptly (a) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has, and (b) provide a certification that it will cease further review, dissemination, and use of the Protected Information until such time as the Disclosing Party has filed and the Court has ruled on a motion for a protective order as set forth in Section 3 below.

3. If the Receiving Party contests the claim of attorney-client privilege or work product protection ("Notice of Contest"), the Disclosing Party must, within five business days of receipt of the Notice of Contest, move the Court for an Order compelling protection and return of the information claimed as unprotected (a "Protective Motion"). This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust*

2

*Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 5.2.1. Pending resolution of the Protective Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Protective Motion.

4. The parties may stipulate to extend the time periods set forth in paragraphs 2 and 3.

5. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

6. The Disclosing Party retains the burden, upon challenge pursuant to paragraph 3, of establishing the privileged or protected nature of the Protected Information.

7. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

8. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

Dated: 1/28/16

Karen L. Litkovitz
Magistrate Judge Litkovitz

AGREED:

| | |
|---|---|
| CLIMACO, WILCOX, PECA, TARANTINO & GAROFOLI CO., L.P.A. | FLAGEL & PAPAKIRK, LLC |
| /s/ David Cuppage | /s/ James Papakirk |
| David M. Cuppage (0047104) | James Papakirk (0063862) |
| Margaret M. Metzinger (0065624) | Gregory E. Hull (0023520) |
| 55 Public Square, Suite 1950 | FLAGEL & PAPAKIRK, LLC |
| Cleveland, Ohio 44113 | 50 E Business Way, Suite 410 |
| (216) 621-8484 | Cincinnati, Ohio 45241 |
| FAX: (216) 771-1632 | (513) 984-8111 |
| Email: dcupp@climacolaw.com | FAX: (513) 984-8118 |
| Email: mmmetz@climacolaw.com | Email: jpapakirk@fp-legal.com |
| | Email: ghull@fp-legal.com |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |