## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **BROTHERS TRADING CO., INC., doing business as VICTORY WHOLESALE GROCERS,** | Case No. 1:14-CV-975 |
| *Plaintiff,* | Judge Sandra Beckwith |
| v. | Magistrate Judge Karen L. Litkovitz |
| **GOODMAN FACTORS, et al.** | |
| *Defendants.* | |

### AGREED PROTECTIVE ORDER

During the course of this litigation, the parties may be required to disclose "Confidential Material."   This Agreed Protective Order governs the production and treatment of such Confidential Material by the parties.

IT IS HEREBY AGREED AND ORDERED THAT:

1.     "Confidential Material," as used herein, shall mean documents produced or required to be produced by any party during discovery that contain confidential or proprietary information. When used in this order, the word "documents" shall mean written material, videotapes, depositions, interrogatory answers, trial transcripts, and all other tangible items, whether in digital, electronic, or other form.   Except as otherwise indicated below, documents designated by any party as "CONFIDENTIAL"

1

that have been or will be produced or delivered by the designating party or their attorneys, consultants, agents, or experts in this action shall be Confidential Material and shall be given confidential treatment as described below.

2.      Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the confidential designation at a later time if required by this Agreed Protective Order.

3.      Any party may designate documents as "CONFIDENTIAL", but only after review of the documents by an attorney who has, in good faith, determined that the documents contain (i) information protected from disclosure by statute, (ii) sensitive personal or business information, (iii) trade secrets, or (iv) confidential research, development, or commercial information.  The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto as Attachment A, which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.  Information or documents which are publicly available may not be designated as confidential.

4.      The burden of proving the necessity of a "CONFIDENTIAL" designation is always on the party asserting confidentiality.  If any party disagrees with the "CONFIDENTIAL" designation of any document, that party will so notify counsel of record for the designating party in writing (the "Contested Designation Notice").  Upon receipt of  a Contested Designation Notice, the parties will attempt to extrajudicially resolve any disagreement regarding the designation. If the parties are unable, within

2

ten (10) days of receipt of the Contested Designation Notice, to extrajudicially resolve a disagreement regarding designation, the designating party may apply to the Court to set a hearing for the purpose of establishing that said document is entitled to protection under this Agreed Protective Order. Any such application to the Court must be filed within twenty (20) days of receipt of the Contested Designation Notice. All parties will maintain the confidentiality of said document(s) pursuant to the terms of this Agreed Protective Order until: (i) the party who claims that the documents are confidential withdraws such designation in writing; (ii) the party who claims that the documents are confidential fails to timely move for an order designating the documents as confidential as set forth above; or (iii) the Court enters an order that the documents should no longer be designated as Confidential Material.

5.     Except upon the prior written consent of the designating party or upon further order of the Court, Confidential Material or information contained therein, and/or copies thereof, may be disseminated, or disclosed only to the following persons:

a.     Counsel of record in this case, including other members of said counsel's respective law firms, and any other counsel associated to assist in the preparation or trial of this case;

b.     Employees of any party's counsel, or of other counsel associated to assist in the preparation or trial of this case;

c.     Designated representatives of each of the parties which representatives shall maintain and protect the confidential nature of the documents and information consistent with the terms of this Agreed Protective Order;

3

        d.      Experts and consultants retained by a party for the preparation or trial of the case, provided that any expert or consultant must first agree to be bound by the terms of this Agreed Protective Order;

        e.      The court's staff, witnesses, and the jury in this case.

        f.      Prior to receiving any Confidential Material, any person described in sections (b), (c), or (d) of this paragraph shall be furnished with a copy of this Protective Order and shall agree to be bound by the terms and conditions hereof.

6.      All Confidential Material or information contained therein shall be used solely for purposes of this litigation and may not be used or disclosed for any other purpose whatsoever.  However, if any party intends to introduce or refer to any Confidential Material at any evidentiary hearing, in any motion or at trial, the party intending on making said disclosure shall first notify the producing party and provide that party with an opportunity to object and/or ask the Court to take appropriate precautionary procedures (e.g. clearing the courtroom, sealing the record or Confidential Material, etc.)

7.      The restrictions on the use of Confidential Material established by this Agreed Protective Order are not applicable to the use of a party's own confidential information or Confidential Material.  A party is free to do whatever it desires with its own confidential information or Confidential Material.

4

8.     To the extent that Confidential Material or information contained therein is used during depositions or becomes the subject of a deponent's testimony, such documents or information shall remain subject to the provisions of this order.   Deposition testimony shall be deemed confidential only if designated as such when the deposition is taken.  Such designation shall be specific as to the portions to be protected.  Any use by the Court of any such documents or information shall be held *in camera* unless the Court orders otherwise upon good cause shown.

9.     This Agreed Protective Order shall not apply to the disclosure of Confidential Material or the information contained therein at the time of trial through the receipt of Confidential Material into evidence or through the testimony of witnesses.

10.     This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 79.3.

11.     This Agreed Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

12.     Within thirty (30) days of settlement or final judgment in this matter, all parties and individuals bound by this Agreed Protective Order shall, upon request, return all Confidential Material produced and delivered by the designating party during discovery and any copies thereof to the designating party's counsel of record.  This paragraph shall not apply to any Confidential Material or information contained therein disclosed or used during trial through the receipt of Confidential Material into evidence or through testimony of witnesses.  At the appropriate time, the designating party may seek an order allowing that any such Confidential Material disclosed or used during trial be withdrawn from evidence, if applicable, and returned to counsel of record for the designating party.

13.     The parties may at any time by specific agreement waive any portion of this Agreed Protective Order as to any particular Confidential Material without affecting the continuing validity of this Agreed Protective Order as to any other Confidential Material.

14.     This Agreed Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

15.     This Protective Order may be modified only by further order of the Court, whether sua sponte or by agreement of the parties or their counsel and approval by the

6

Court, and is without prejudice to the rights of any party to move for relief from any of

its provisions, or to seek or agree to different or additional protection for any particular

material or information pursuant to Fed. Civ. R. 26.

Dated: 2/2/16

Karen L. Litkovitz
Magistrate Judge Litkovitz

AGREED:

CLIMACO, WILCOX, PECA, TARANTINO & GAROFOLI CO., L.P.A.

 */s/ David Cuppage*
David M. Cuppage (0047104)
Margaret M. Metzinger (0065624)
55 Public Square, Suite 1950
Cleveland, Ohio 44113
(216) 621-8484
FAX: (216) 771-1632
Email: dcupp@climacolaw.com
Email: mmmetz@climacolaw.com

*Attorneys for Defendants*

FLAGEL & PAPAKIRK, LLC

 */s/ James Papakirk*
James Papakirk (0063862)
Gregory E. Hull (0023520)
FLAGEL & PAPAKIRK, LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
FAX: (513) 984-8118
Email: jpapakirk@fp-legal.com
Email: ghull@fp-legal.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

**BROTHERS TRADING CO., INC., doing business as VICTORY WHOLESALE GROCERS,**

_Plaintiff,_

v.

**GOODMAN FACTORS, et al.**

_Defendants._

Case No. 1:14-CV-975

Judge Sandra Beckwith

Magistrate Judge Karen L. Litkovitz

## ATTACHMENT A

### CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL

Documents produced herewith (whose bates numbers are listed on the attached index) have been marked as CONFIDENTIAL subject to the Agreed Protective Order entered in this action.

By signing below, I certify that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of the Agreed Protective Order.

Dated: _____

_____
Signature of Counsel

1